**Ray Wallace WEAVER, Appellant,**

v.

**WESTCHESTER FIRE INSURANCE COMPANY, Appellee.**

No. 10–86–154–CV.

Court of Appeals of Texas, Waco.

April 30, 1987.

Rehearing Denied May 21, 1987.

Fernando Villarreal, Tom L. Ragland, Clark, Gorin, Rangland & Mangram, Waco, for appellant.

John A. Stephens, Fulbright, Winniford, Bice & Marable, P.C., Waco, for appellee.

HALL, Justice.

This is an appeal from a take-nothing judgment in a worker's compensation action brought by appellant Ray Wallace Weaver against appellee Westchester Fire Insurance Company.

In one point of error, appellant argues that the trial court erred in denying his request to have the testimony at the hearing on his motion for new trial based upon alleged jury misconduct recorded by a court reporter. The order overruling the motion for new trial recited that "based upon the testimony presented by Plaintiff in connection with said motion, the Court finds that there was no outside influence improperly brought to bear upon any juror in this case and, accordingly, such motion should be denied." Appellant argues that his inability to obtain a statement of facts from the hearing on the motion deprived him of a review of the court's action on this matter.

The disposition of this appeal appears to center around the construction of Rule 377 of the Texas Rules of Civil Procedure.[1] The version of the rule which became effective April 1, 1984, and was in effect at the time of the hearing on July 16, 1986, provided in part:

(i) Narrative Statement. A statement of facts prepared by the official reporter shall be in question and answer form. In lieu of requesting such a statement of facts, a party may prepare and file with the clerk of the trial court a condensed statement in narrative form of all or part of the testimony and deliver a true copy to the opposing party or his counsel, and such opposing party, if dissatisfied with the narrative statement, may within ten days after such delivery, require the testimony in question and answer form to be substituted for all or part thereof.

Additionally, Rule 378 of the Texas Rules of Civil Procedure provided that "[t]he parties may agree upon a brief statement of the case and of the facts proven as will enable the appellate court to determine whether there is error in the judgment. Such statement shall be copied into the transcript in lieu of the proceedings themselves."[2]

Prior to the rewriting of Rule 377 as shown above, the rule provided in pertinent part:

(a) Testimony. The testimony of the witnesses need not be in narrative form but may be in question and answer form. A party may prepare and file with the clerk a condensed statement in narrative form of all or part of the testimony and deliver a true copy thereof to the opposing party or his counsel, and such opposing party, if dissatisfied with the narrative statement, may require the testimony in question and answer form to be substituted for all or part thereof.

Under the former rule it was well settled that if an appellant exercised due diligence and through no fault of his own was unable to obtain a proper record of the evidence introduced, a new trial may be required where his right to have the case reviewed on appeal could be preserved in no other way. *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex.1972); *Keller Industries, Inc. v. Reeves*, 656 S.W.2d 221, 225 (Tex.App. 3 Dist.1983, writ ref'd n.r.e.). However, under that same rule, in determining whether the right could otherwise be preserved, the courts recognized the options offered by Rules 377 and 378 and held that even though an appellant had not waived the unavailability of the statement of facts, he was not entitled to a reversal on that ground unless he showed that he was deprived of a statement of facts through no fault or negligence of his own and that he attempted without success to obtain a condensed statement in narrative form under Rule 377 or an agreed statement under

---

1. See now Rules 53 and 55, Texas Rules of Appellate Procedure, effective September 1, 1986.

2. See now Rule 50(c), Texas Rules of Appellate Procedure, effective September 1, 1986.

Rule 378. *Keller Industries, Inc.,* 656 S.W.2d at 225; *Phillips v. Phillips,* 532 S.W.2d 161, 163 (Tex.Civ.App.—Austin 1976, no writ); *Whatley v. Whatley,* 493 S.W.2d 299, 301 (Tex.Civ.App.—Dallas 1973, no writ). *See also Robinson,* 487 S.W.2d at 715.

Appellee maintains that appellant had an affirmative duty to seek a statement of facts through alternative means pursuant to Rules 377 or 378. Appellant counters that the cases relied upon by appellee are inapplicable as they construed the former Rule 377, while the 1984 rule constituted a departure in that it clearly stated that the statement of facts shall be in question and answer form, making no provision for any other form, and that, although it offered the alternative of a narrative statement of facts, it gave the opposing party, if dissatisfied, the right to require the testimony in question and answer form. Moreover, appellant argues that Rule 378 is inapplicable as it contemplates that either party may suggest an agreed statement and that it presupposes that a reporter recorded the testimony from which the agreed statement could have been transcribed. Thus, appellant concludes that seeking alternative methods of preserving the testimony was optional on his part.

We have not been cited to any case law directly construing this matter since Rule 377 was rewritten in 1984, nor have we discovered any. However, we note that although the 1984 rule provided that a statement of facts prepared by an "official reporter" shall be in question and answer form, the language prior to revision giving the parties the right to prepare a narrative statement remained virtually unchanged. In fact, the statute expressly approved the use of the narrative form by making it available "in lieu of requesting a statement of facts." Moreover, Rule 378 remained unchanged. We therefore conclude that there was no substantive change in the law which would affect the previously cited authority requiring appellant to exhaust all of the available remedies by making an effort to secure the testimony by other means provided under Rules 377 and 378 to present reversible error. Appellant has shown no such attempt to secure a narrative or an agreed statement, thus no reversible error is shown. *See also Christie v. Price,* 558 S.W.2d 922, 923–24 (Tex.Civ.App.—Texarkana 1977, no writ); *Wilkinson v. Evans,* 515 S.W.2d 734, 737 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.).

Appellant's other arguments have been reviewed and have been found to be without merit.

The judgment is affirmed.