**Ray Wallace WEAVER, Petitioner,**

v.

**WESTCHESTER FIRE INSURANCE COMPANY, Respondent.**

No. C–6523.

Supreme Court of Texas.

Sept. 16, 1987.

Rehearing Denied 10/21/87.

Fernando Villarreal, Tom L. Ragland, Clark, Gorin, Ragland & Mangrum, Waco, for petitioner.

John A. Stephens, Fulbright, Winniford, Bice & Marable, Waco, for respondent.

PER CURIAM.

## ON APPLICATION FOR WRIT OF ERROR

In this workers' compensation suit, the trial court rendered a take nothing judgment against Ray Weaver. Weaver filed a motion for new trial, in which he alleged that outside influences were improperly brought to bear upon the jury. The motion was supported by the affidavit of a juror, Alma Hardgrove, describing what was discussed during jury deliberations. At the hearing on the motion, Weaver filed a written request for a court reporter to take down the testimony offered in support of his motion. The trial court refused this request and, at the conclusion of the hearing, overruled the motion for new trial. The court of appeals affirmed the trial court judgment. 730 S.W.2d 834. The court of appeals held that Weaver's failure to attempt to secure a narrative under Tex. R.Civ.P. 377 or an agreed statement under Tex.R.Civ.P. 378 waived any error as to the denial of a court reporter.

■ Although refusing the application for writ of error, no reversible error, we disapprove the court of appeals' conclusion that Weaver was required to seek a narrative or an agreed statement of facts in order to complain on appeal of the denial of a court reporter. Weaver exercised due diligence and through no fault of his own was unable to obtain a proper record of the evidence at the motion for new trial. *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex.1972). Therefore, his objection to the lack of a court reporter preserved his error for appeal.

■ However, a motion for new trial based on jury misconduct must be supported by a juror's affidavit alleging "outside influences" were brought to bear upon the jury. Tex.R.Civ.P. 327. Alma Hardgrove's affidavit alleged that the jurors discussed and considered that no one from Hicks Rubber Company, Weaver's employer, had appeared to testify on behalf of Weaver; that the persons who had observed Weaver struck by a dolly did not appear to testify; and, that Weaver should have had hospitalization insurance. The last matter of discussion led some jurors to express the belief that Weaver had filed the workers' compensation claim to get someone to pay his medical bills. Under Tex.R.Civ.P. 327, Hardgrove could not testify to these matters nor could her affidavit alluding to such matters be received. No evidence of outside influence was shown by Hardgrove's affidavit nor asserted by

Weaver's motion for new trial. Therefore, the trial court properly overruled Weaver's motion for new trial. Weaver's application for writ of error is refused, no reversible error.