Sidney Roy **MOON**, Individually and as Administrator of the Estate of Sidney Aaron Moon, Deceased, Appellant,

v.

**FIRESTONE TIRE & RUBBER COMPANY, Appellee.**

No. C14–87–402–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 3, 1987.

Rehearing Denied Dec. 31, 1987.

Maurice Amidel, Houston, for appellant.

Patrick Zummo, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a take-nothing judgment entered in favor of Appellee in Appellants' product liability suit. Mr. Sidney Aaron Moon died as a result of injuries sustained when a tire he was repairing exploded. The jury found no defect, no breach of warranty and no negligence on the part of Appellee. We affirm.

In a single point of error Appellants contend that the trial court erred in overruling his Motion for New Trial based on allegations of jury misconduct. The record reflects that the jury foreman announced the verdict, finding all issues against Appellants, and then stated:

> ... but we would like to make one statement if we could. In the awarding or lack of awarding, the jury felt very sorry for the family involved. And we would like compensation but we do not think it was Firestone's and we think it would probably come through insurance of some unknown ...

The court interrupted, thanked the jury for its comments and feelings and released them. Appellants filed a Motion for New Trial alleging that during its deliberations the jury discussed whether there was insurance to compensate Appellants. The motion was supported by the affidavit of one juror, Sherrel Ann Murray, who stated that the jurors had discussed the existence of insurance and had concluded that "there was or should be such insurance; and that [Appellants] should recover from such insurance." Appellants did not request an evidentiary hearing on the Motion for New Trial, nor did they request the jury be polled or questioned further before they were released by the court.

A motion for new trial based upon jury misconduct must be supported by a juror's affidavit alleging "outside influences" were brought to bear on the jury. Tex.R.Civ.P. 327; *Weaver v. Westchester Fire Ins. Co.*, 739 S.W.2d 23 (1987). Appellants assert that "outside influence" is present whenever the jury considers matters not in evidence. They maintain that the affidavit and the jury foreman's statement should be considered as evidence of

jury misconduct. We disagree. Both Tex. R.Evid. 606(b) and Tex.R.Civ.P. 327(b) provide that:

> A juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict concerning his mental processes in connection therewith, except that a juror may testify whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Tex.R.Evid. 606(b); Tex.R.Civ.P. 327. The decisions of the courts of this state make it clear that an "outside influence" is one that emanates from a source *outside* the jury and its deliberations. *Weaver v. Westchester Fire Ins. Co.*, 739 S.W.2d 23 (Tex.1987); *Baker v. Wal-Mart Stores, Inc.*, 727 S.W.2d 53, 55 (Tex.App.–Beaumont 1987, no writ); *Robinson Electric Supply Co. v. Cadillac Cable Corp.*, 706 S.W.2d 130, 132 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Clancy v. Zale Corporation*, 705 S.W.2d 820, 829 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Daniels v. Melton Truck Lines, Inc.*, 704 S.W.2d 142, 145 (Tex.App.—Eastland 1986, writ ref'd n.r.e.). No evidence of outside influence was shown by the affidavit or the jury foreman's statement. Further there is no evidence that any jury discussion of insurance, or the lack thereof, had any influence on the jury finding of no liability on the part of Appellee. Therefore, there was no showing that the jury engaged in misconduct that was material and probably caused injury to the Appellant. *See* Tex.R.Civ.P. 327. The trial court properly overruled Appellants' Motion for New Trial. Point of error one is overruled.

Accordingly, the judgment of the trial court is affirmed.