Estle L. KING, Appellant,

v.

Dr. James BAUER, et al., Appellees.

No. 13-87-548-CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 9, 1989.

Rehearing Denied April 6, 1989.

Alfred W. Ellis, Dallas, for appellant.

Steve T. Hastings, Law Offices of Guy Allison, Corpus Christi, for appellees.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

Appellant, Estle King, sued Dr. James Bauer alleging negligence in his adminis-

tration of radiation therapy. The trial court entered a take-nothing judgment against Mrs. King upon the jury's findings against her. She appeals, alleging that the rule of civil procedure and evidence dealing with jury misconduct are unconstitutional, because they violate the open courts provision of the Texas Constitution. She also alleges that there was jury misconduct and she challenges the jury's fact findings. We affirm.

Mrs. King was treated for lung cancer in 1978. After surgery, laboratory tests confirmed that the cancer had spread to a lymph node. She began a split-course treatment plan of radio-therapy, beginning February 27, 1978, and ending on April 6, 1978. Dr. Bauer was the physician who designed and administered the therapy. Appellant began to experience physical problems in the latter part of 1978. There is no dispute the appellant suffered spinal cord damage and paralysis as a result of the radiation therapy. The disputed issues at trial were whether Dr. Bauer was negligent in his mode of treatment, and whether he failed to obtain appellant's informed consent.

■ We first address appellant's second point of error. Appellant complains that the trial court erred in refusing to hear the testimony of Joyce Marshall, the complaining juror, because her affidavit presented evidence of jury misconduct. She contends that there were five allegations of outside influence upon the jury:

1. Several of the jurors had read outside newspaper accounts;

2. One juror had mentioned that her brother had been injured in an accident, that the incident in question was an accident and nothing could be done about it;

3. Jurors discussed their own personal experiences;

4. Insurance was discussed;

5. One of the jurors discussed the fact that the lawsuit had been previously tried, despite the fact that the juror had not disclosed this knowledge during voir dire.

Both Tex.R.Civ.P. 327(b) and Tex.R.Civ. Evid. 606(b) provide, in pertinent part, as follows:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes. Tex.R.Civ.Evid. 606(b).

A motion for new trial based on jury misconduct must allege that outside influences were brought to bear upon the jury. *Weaver v. Westchester Fire Insurance Co.*, 739 S.W.2d 23, 24 (Tex.1987); *H.E. Butt Grocery Co. v. Paez*, 742 S.W.2d 824, 826 (Tex.App.—Corpus Christi 1988, writ denied). Outside influences must emanate from *outside* the jury and its deliberation. *Baley v. W/W Interests, Inc.*, 754 S.W.2d 313, 316 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Clancy v. Zale Corp.*, 705 S.W.2d 820, 829 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Discussion of newspaper articles is not considered an outside influence. *See Baley*, 754 S.W.2d at 315. Discussion of individuals similarly situated is not considered an outside influence. *Marriage of Yarbrough*, 719 S.W.2d 412, 416 (Tex.App.—Amarillo 1986, no writ). A jury discussion of insurance coverage is not an outside influence. *Moon v. Firestone Tire & Rubber Co.*, 742 S.W.2d 792, 793 (Tex. App.—Houston [14th Dist.] 1987, writ denied). Failure to properly answer voir dire questions is not an outside influence. *Baley* at 316. The trial court did not err in refusing to consider the testimony of the juror because her affidavit did not raise an issue of outside influence. We overrule point of error two.

■ Appellant argues by her first point of error that Tex.R.Civ.P. 327(b) and Tex.R.

Civ.Evid. 606(b), which deal with jury misconduct, are unconstitutional violations of the open courts, due course of law guarantee afforded by Article 1, Section 13 of the Texas Constitution. Under Tex.R.Civ.P. 327(b) and Tex.R.Civ.Evid. 606(b), affidavits, testimony and other evidence are excluded from consideration by the court when an issue of jury misconduct is raised, unless the party shows that an outside influence was brought to bear upon any juror. Appellant contends that this restriction is an unreasonable and arbitrary one which deprived her of open access to the courts because she was unable to present any evidence at the motion for new trial of jury violations which occurred at her trial.

Article 1, Section 13, of the Texas Constitution provides that: "All courts shall be open, and every person for an injury done him, in his lands, goods, person, or reputation shall have a remedy by due course of law." This provision specifically guarantees all litigants the right to redress their grievances, the right to their day in court. *LeCroy v. Hanlon*, 713 S.W.2d 335, 341 (Tex.1986). The provision balances the legislature's actual purpose in enacting a law against that law's interference with the individual's right of access to the courts. *Id.* The test for analyzing a violation of the open courts provision is whether the questioned statute or ordinance unreasonably abridges a justiciable right to obtain redress for injuries caused by the wrongful acts of another. *Sax v. Votteler*, 648 S.W. 2d 661, 665 (Tex.1983).

Appellant concedes that there are no cases in which any court has held that procedural rules, promulgated by the Texas Supreme Court, have been held to be violative of the open courts provision. However, she argues that logic dictates that the rules of procedure are governed by that provision.

The Texas Supreme Court has the duty to promulgate rules of civil procedure. Tex.Gov't Code Ann. § 22.004 (Vernon 1988). Tex.R.Civ.P. 327(b) and Tex.R.Civ. Evid. 606(b) were designed and amended to insulate most of the deliberation process from scrutiny. *Robinson Electric Supply*

*Co. v. Cadillac Cable Corp.*, 706 S.W.2d 130, 132 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). It is desirable to draft rules which will promote full discussion during deliberations and will reduce juror harrassment.

We find that appellant had her day in court. She was not deprived of her right to present her complaint seeking redress in a Texas court of law for alleged wrongful acts of the appellees. While the rules may operate to limit and make difficult a litigant's successful attempt at a new trial, they obviously cannot operate to deny her a right which she has already enjoyed. Her substantive right to have her disputes heard was not denied; only the procedures for obtaining a reconsideration of her already aired complaints are effected by the rule. Moreover, the "outside influence" requirement of the rules is a reasonable requirement to effectuate the purposes of the rule notwithstanding the procedural difficulties that it might cause a litigant in an attempt to gain a new trial. Appellant's point of error is overruled.

By point three appellant argues that the trial court erred in admitting into evidence portions of a textbook which was published after the incident in question.

Tex.R.Civ.Evid. 803(18) provides that learned treatises may be admitted in the following circumstances:

> To the extent called to the attention of an expert witness upon cross-examination or relied upon him in direct examination, statements contained in published treatises, periodicals, or pamphlets, on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice. If admitted, the statements may be read into evidence but may not be received as exhibits.

The textbook in issue was *Textbook of Radiotherapy*, 3rd Ed., Gilbert H. Fletcher 1980. The therapy given to Mrs. King occurred in 1978, two years prior to its publication. An earlier edition of the textbook by the same author was recognized as a learned treatise by expert witnesses for

both appellant and appellees. The questioned information contained in the treatise concerned the split course plan of radiation therapy detailing the treatment policy and its use between 1970 and 1973. This split course radiation policy had not been discussed in the earlier edition of the treatise.

The information was relevant and material to the standard of care that was a focal part of the informed consent negligence issue and was relevant to show that Dr. Bauer was pursuing an approved treatment or therapy plan in treating the appellant. The fact that the 3rd edition was not published until 1980 does not serve to disqualify the evidence which was aimed at illustrating an appropriate treatment plan for appellant in 1978. Treatises which directly refer to the standard of care in use at the time of the occurrence are material, relevant and therefore admissible. We overrule point three.

Appellant complains by point four that the findings were so against the great weight and preponderance of the evidence that the verdict was manifestly unjust. In determining whether the verdict was so against the great weight and preponderance of the evidence, we will consider all of the evidence, including that which is contrary to the verdict. *In re King's Estate*, 244 S.W.2d 660 (Tex.1951). Appellant complains specifically that the "zero" answer to the damage question and the jury's negative answer to the informed consent issue, when taken in context with the juror's affidavit, show that the verdict was manifestly unjust.

The jury found that Dr. Bauer did not fail to obtain informed consent from appellant in treatment by radiation. "Informed consent" was defined by the trial court as "consent given by a patient to whom such risks incident to treatment by radiation therapy have been disclosed to the patient by a radiologist of ordinary prudence under the same or similar circumstances." It was undisputed that Dr. Bauer did not inform appellant of the risk of spinal myelopathy. He testified that he had never had a patient develop this condition and he did not want to scare her away from the treatment. According to Dr. Bauer, there is a very high proportion of recurrence of cancer, when it has spread to a lymph node, as it had in Mrs. King's case. The cure rate for alveolar cell cancer, which afflicted Mrs. King, was between eight and ten percent. He believed that if Mrs. King had not had the radiation treatment, she would have died of the cancer. Dr. Joe Rector, Director of Radiation Therapy at St. Luke's Hospital in Kansas City, Missouri, testified that he does not discuss the possibility of radiation myelitis with his patients. Dr. Phillip Voltz, Chairman of the Cancer Committee at Santa Rosa Hospital in San Antonio, testified that it was not the usual practice for radiotherapists to inform their patients of the risk of spinal myelopathy. He said that the problem of developing myelitis is remote, as opposed to the chance of survival without the therapy. He said that most patients do not live more than a year, and many do not live more than six months. Dr. Rodney Withers, professor of radiation oncology at UCLA, testified that he believed every patient should be informed of the risks of radiation myelitis because perhaps one in ten thousand patients will develop spinal cord paralysis.

It was within the jury's province to determine whether or not Dr. Bauer failed to obtain informed consent. Given the evidence concerning the informed consent issue, we cannot say the jury's answer was against the great weight and preponderance of the evidence.

Appellant also complains about the jury finding of "zero" damages. Where the jury has answered special issues in liability negatively, failure to award damages is not error. *Johnson v. Whitehurst*, 652 S.W.2d 441, 449 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Appellant's fourth point is overruled.

We AFFIRM the judgment of the trial court.