Affirmed and Opinion filed October 26, 2004









Affirmed and Opinion filed October 26, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00809-CR

 

______________________

 

DONNIE
NATHAN TINKER, Appellant

 

V.

 



THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 21st District Court

Burleson County, Texas

Trial Court Cause No. 12,548



 



 

O P I N I O N

Appellant, Donnie Nathan Tinker, was
charged by indictment with two counts of aggravated sexual assault, enhanced by
two prior felony convictions.  The jury
found appellant guilty on the second count and assessed his punishment at sixty
(60) years= confinement in the Texas
Department of Criminal Justice, Institutional Division.  In three points of error, appellant contends:
(1) the evidence was legally and factually insufficient to support his
conviction; (2) the trial court improperly admitted his tape-recorded statement
into evidence; and (3) the trial court erred in denying his motion for new
trial without a hearing.  We affirm.








The complainant met appellant on
July 8, 2002, when a mutual friend introduced them.  At that time, appellant agreed to help repair
the complainant=s vehicle
but no time was agreed upon by the parties for such repairs.  The complainant did, however, inform
appellant that she was planning to visit Lake Somerville the next day and would
not be available.  Appellant,
nevertheless, arrived at the complainant=s home
the next morning.  

Throughout the morning, appellant
made some effort to obtain the necessary parts for the complainant=s
vehicle.  Later that day, appellant
accompanied the complainant and several others on their trip to Lake
Somerville.  After returning from the
lake, appellant followed the complainant into her house, became physically
violent, and proceeded to sexually assault her. 
The assault ended when neighborhood children entered the house,
at which time the complainant fled to a neighbor=s house
to call the police.  After a police investigation,
appellant was charged with two counts of aggravated sexual assault.  Subsequently, the jury found appellant not
guilty as to count one, aggravated sexual assault by penetration of the mouth.  See Tex.
Pen. Code Ann. '
22.021(a)(1)(A)(ii), (a)(2)(A)(ii)B(iii)
(Vernon Supp. 2002).  However, the jury
found appellant guilty on count two, aggravated sexual assault by penetration
of the complainant=s sexual
organ.  See id. '
22.021(a)(1)(A)(iii), (a)(2)(A)(ii)B(iii).

Sufficiency of the Evidence

In his first point of error,
appellant contends the evidence is legally and factually insufficient to
support his conviction.  Appellant seems
to argue the lack of physical evidence indicates he did not commit the offense.  Appellant also claims the State failed to
prove the aggravating factor, namely that he placed the complainant in fear of
death or serious bodily injury. 
Specifically, appellant argues that all evidence of this aggravating
factor related only to count one of the indictment.  Therefore, he concludes that because he was
acquitted on count one, the evidence does not support his conviction of aggravated
sexual assault in count two.








In evaluating a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 n.12 (1979); Garrett v. State, 851
S.W.2d 853, 857 (Tex. Crim. App.1993). 
We will not overturn the verdict unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson
v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.1991).  Therefore, if any rational trier-of-fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W. 2d 607, 614 (Tex. Crim. App. 1997).

When
reviewing claims of factual insufficiency, it is our duty to examine the fact‑
finder=s weighing of the evidence.  Clewis v State, 922 S.W.2d 126, 133B134 (Tex. Crim. App. 1996).  Thus, the question presented in a factual
sufficiency review is, AConsidering all of the evidence in a neutral light, was a
jury rationally justified in finding guilt beyond a reasonable doubt?@ 
Zuniga v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim.
App. Apr. 21, 2004).  Thus, there are two
ways in which the evidence may be insufficient:

First, when considered by itself, evidence supporting
the verdict may be too weak to support the finding of guilt beyond a reasonable
doubt. Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all the evidence under this balancing scale,
the contrary evidence may be strong enough that the beyond-a-reasonable-doubt
standard could not have been met, so the guilty verdict should not stand. This
standard acknowledges that evidence of guilt can "preponderate" in
favor of conviction but still be insufficient to prove the elements of the
crime beyond a reasonable doubt. Stated another way, evidence supporting guilt
can "outweigh" the contrary proof and still be factually insufficient
under a beyond-a-reasonable-doubt standard.

Id.








To secure
a conviction for sexual assault, the State must prove the defendant
intentionally or knowingly caused penetration of the sexual organ of another by
any means, without that person=s
consent.  Tex. Pen. Code Ann '
22.011(a)(1)(c) (Vernon Supp. 2002). The lack of consent can be proven by the
threat or use of physical force or violence. 
Id. '
22.011(b)(1)B(2).  However, aggravated sexual assault
requires proof of an additional element. 
For aggravated sexual assault, the State must prove beyond a reasonable
doubt the defendant intentionally or knowingly caused penetration of the sexual
organ of another by any means, without that person=s
consent; and by acts or words occurring in the presence of the victim
threatens to cause or places the victim in fear of death, serious bodily
injury, or kidnapping.  Tex. Pen. Code Ann. '
22.021(a)(1)(A)(ii), (a)(2)(A)(ii)B(iii)
(Vernon Supp. 2002).[1]

Appellant first points to a lack of DNA or other
physical evidence, which he suggests proves he did not commit the offense.  Despite the lack of physical evidence, the
complainant provided ample testimony to show a sexual assault occurred.  The record reflects the following:

Q.        [By the State=s attorney:] 
So [appellant=s] in [the house], you
told him no, he=s trying to grab you and
then what happened?

A.        I got loose and ran out the front door
screaming for help. . . . [Appellant] grabbed me and pulled me back
in the house and said >here=s your help,= and he started flinging
me around and busting my face into the door frame and he was just throwing me
from side to side and threw me into the bedroom on the bed. . . . [Appellant]
raped me. . . .  He put his penis inside
me, and I was real dry and I could feel myself tearing on the inside, and he
did that for a while and then he turned me around B no, and then he got off
me and put his penis B he got outside of me and
put his penis in my mouth.








Despite the lack of DNA evidence,
the complainant=s
testimony alone is sufficient to support the jury=s finding
that sexual contact or penetration did in fact occur.  See Garcia v. State, 563 S.W.2d 925,
928 (Tex. Crim. App. 1978) (holding that victim=s
testimony is sufficient to prove sexual contact occurred despite no physical
evidence).  The jury also heard medical
evidence that the complainant suffered abrasions and a skin tear in and around
her vagina, injuries which are consistent with painful, forceful sexual
activity.  Furthermore, the jury heard
evidence that after being arrested, appellant admitted to officers that he had
sex with the complainant, claiming that it was consensual.  Therefore, the evidence is legally sufficient
to support a conviction for sexual assault. 
See generally Tex. Pen.
Code Ann. ' 22.011
(Vernon Supp. 2002) (listing the statutory elements of sexual assault).

Appellant next argues the evidence does not
support his conviction of aggravated sexual assault because the State
failed to prove the aggravating factor. 
Specifically, appellant argues the evidence is insufficient to prove the
complainant was placed in fear of death or serious bodily injury.  Appellant claims the only evidence which
tends to show the complainant was in fear for her life related to count one of
the offense, sexual assault by penetration of the mouth.  He cites the following testimony to support
his contention:

Q.        [By the State=s attorney:] Did B what was happening when
he had his penis in your mouth?

A.        I couldn=t breathe. 
I thought I was going to choke to death. . . .  When he had his penis in my mouth it was so
long I thought I couldn=t breathe, but I think
that was only once, for a while.

...

Q.        Were you in fear for your life?

A.        Yes.

Q.        You testified previously about when he had his penis in your
mouth that you were afraid you were going to choke to death?

A.        I couldn=t breathe.

Q.        When he was attacking you all this time were you afraid that
you were going to die?

A.        Not
the whole time.  Not to the very end.








Because the complainant stated
she was not in fear of her life until the second phase of the assault, i.e.,
the oral penetration, appellant contends the evidence fails to show the first
assault, i.e., the vaginal penetration, was accompanied by any aggravating
threat of death or serious bodily injury. 
However, beyond the portions of testimony cited by appellant, the record
also indicates the complainant sustained a number of injuries during the
attack.  Medical records from a
post-assault examination show that the complainant suffered numerous bruises
and abrasions across her body, including on her arms, shoulder, and back.  The attack also caused injuries to the
complainant=s vagina, which were
substantiated by testimony from the nurse who treated her.








Admittedly, these injuries do not
rise to the level of serious bodily injury.[2]  However, included in the medical records are
diagnoses from the nurses and physicians who treated the complainant.  These diagnoses indicate that one of the more
severe injuries was to the complainant=s
shoulder.  Specifically, they describe
the damage to her shoulder as Ainjur[ies]
to the tendons that surround the joint . . . [which] can lead to a >frozen= immobile
shoulder if they are not treated properly.@  The diagnoses further describe the injury as Ashoulder
separation [which] is usually due to a direct blow to the shoulder, or falling
on [her] outstretched hand.  The ligament
fibers connecting the collar bone and shoulder blade are torn.@  The diagnoses warn A[i]f this
injury does not heal properly, you may be left with permanent deformity, and
long-term pain and disability.@  Thus, the injury to the complainant=s
shoulder meets the definition of Aserious
bodily injury.@[3]

When deciding criminal liability
for aggravated sexual assault, the jury is entitled to consider a defendant=s
objective conduct and infer from the totality of the circumstances whether the
defendant=s overall conduct placed the
victim in fear of death or serious bodily injury.  Ortiz v. State, 804 S.W.2d 177, 179
(Tex. App.CHouston [14th Dist.] 1991, pet.
ref=d); Lindsey
v.State, 672 S.W.2d 892, 894 (Tex. App.CDallas
1984, pet. ref=d); see also Dacquisto v.
State, 721 S.W.2d 603, 604 (Tex. App.CAmarillo
1986, pet. ref=d) (affirming an aggravated
sexual assault conviction where the defendant never verbally threatened the
victim=s
life).  Furthermore, when examining the
evidence in aggravated sexual assault cases, Awe review
the evidence overall and determine whether the >acts,
words or deeds= of the actor were sufficient to
place a reasonable person in complainant=s
circumstances in fear of death or serious bodily injury.@  Dodson v. State, 699 S.W.2d
251, 254 (Tex. App.CTyler
1985, no pet.) (relying on Bank v. State, 662 S.W.2d 627 (Tex. App.CHouston
[14th Dist.] 1983, pet. ref'd); Harris v. State, 666 S.W.2d 537 (Tex.
App.CAustin
1984, no pet.); Seek v. State, 646 S.W.2d 557 (Tex. App.CHouston
[1st Dist.] 1982, no pet.)).  








We find that the jury could
rationally have concluded from the evidence presented at trial that the
complainant suffered serious bodily injury. 
The appellant having inflicted serious bodily injury upon the complainant
early in the criminal episode, the jury could have rationally inferred that a
reasonable person would fear additional serious bodily injury or death during
the course of the assault.  Simply
because the complainant did not specifically say she feared serious bodily
injury, does not mean she was not fearful. 
See Selvog v. State, 895 S.W.2d 879, 882 (Tex. App.CTexarkana
1996, pet. ref=d) (AThere was
no need for [the victim] to articulate the exact words, >I was
afraid.=@).  Our own review of the evidence suggests that
appellant=s Aacts,
words or deeds@ were sufficient to place a
reasonable person in the complainant=s
circumstances in fear of death or serious bodily injury.  As such, after considering all of the evidence in a
neutral light, we find the jury was rationally justified in finding guilt
beyond a reasonable doubt.  Accordingly, we
overrule appellant=s first point
of error.

Admissibility of Recorded
Statements

After being arrested, appellant
was questioned by police on two separate occasions.  Both sessions were electronically recorded,
and the State offered appellant=s
recorded statements as evidence at trial. 
In his second point of error, appellant contends the trial court
improperly admitted these statements. 
Specifically, he argues the State failed to provide defense counsel with
copies of these statements twenty (20) days prior to trial as required by
statute.








The admissibility of oral
statements by an accused is governed by article 38.22 of the Texas Code of
Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 38.22
(Vernon Supp. 2004B2005).  According to article 38.22 ' 3(a)(5),
recorded oral statements of an accused, made as a result of a custodial
interrogation, are not admissible unless: Anot later
than the 20th day before the date of the proceeding, the attorney representing
the defendant is provided with a true, complete, and accurate copy of all
recordings of the defendant made under this article.@  Id. ' 3(a)(1),
(a)(5).  The Texas Court of Criminal
Appeals has explained that the State is not required to Agive@ defense
counsel a copy of any recorded statements, but rather, the State is merely
required to Aprovide access@ to the
statements.  Lane v. State, 933
S.W.2d 504, 515B17 (Tex.
Crim. App. 1996).  

In Lane, the appellant
claimed he was not provided copies of taped confessions because the copies were
never served on defense counsel.  Id.
at 515.  The State countered by arguing
that copies of the confessions were only required to be Amade
available@ to defense counsel.  Id. at 515B16.  The Court of Criminal Appeals thoroughly
analyzed the requirements of section 3(a)(5) of article 38.22 and held that Aprovide@ means to
Amake
available or furnish.@  Id. at 516.  The court explained, A[s]o long
as defense counsel is informed of the existence of the recording and is
permitted reasonable access to a copy, the purpose of ' 3(a)(5)
has been met.@ 
Id.; see also Tigner v. State, 928 S.W.2d 540, 542B44 (Tex.
Crim. App. 1996) (explaining that the rationale of this provision is to
guarantee defense counsel an opportunity to examine the recordings to ensure no
alterations were made).








Here,
defense counsel admitted that he was aware of the taped statements.  He also acknowledged at trial that he was
given free access to his client=s file at
the district attorney=s office,
but complained that the tape recorded statements were not in the file.  Defense counsel further argued that the State
provided him with a copy of the taped statements only twelve or thirteen days
before trial.  The prosecutor
acknowledged that the State made a copy of the tape and actually gave it to
defense counsel just prior to trial. 
However, she explained that the State did so only to avoid having to get
another copy for itself.  The prosecutor
noted that the district attorney=s office
was given a copy of the tape on July 22, 2002, and that defense counsel had
full access to his client=s file
since that time.[4]  The prosecutor further explained that the
district attorney=s office
does not keep copies of tapes inside individual files.  Instead, she said all tapes are kept in a
separate filing cabinet and that defense counsel could have listened to the
tape at any time after July 22, 2002. 
Nothing in the record indicates defense counsel specifically requested
or was denied access to the tape recorded statements at any time prior to
trial.  Where, as here, defense counsel
is aware of the existence of taped statements, the State is only required to Apermit
reasonable access@ to a
copy.  See Lane, 933 S.W.2d 504,
516.  The record indicates the
State met this requirement and, therefore, we overrule appellant=s second
point of error.

Motion for New Trial

In his
final point of error, appellant argues he was entitled to a new trial due to
alleged jury misconduct.  Appellant
contends the jury: (1) found him guilty for reasons other than guilt; and (2)
considered a compromise on punishment in order to find him guilty.








A motion for new trial based on
jury misconduct must be supported by affidavits verifying the misconduct.  See Tex.
R. Civ. P. 327(a); Weaver v. Westchester Fire Ins. Co., 739
S.W.2d 23, 24 (Tex. 1987).  The affidavit
of a juror may be used to verify the misconduct.  See Golden Eagle Archery, Inc. v. Jackson,
24 S.W.3d 362, 368B72 (Tex.
2000).  However, a juror is strictly
prohibited from testifying about any matter or statement that occurred during
jury deliberations, or about the effect of anything on the juror=s
mind.  Tex.
R. Evid. 606(b); Golden Eagle, 24 S.W.3d at 368; Weaver,
739 S.W.2d at 24.  An exception to this
rule applies if the juror is testifying about Aoutside
influences@ that may have affected the
outcome of the case.  Tex. R. Evid. 606(b); Golden Eagle,
24 S.W.3d at 368; Weaver, 739 S.W.2d at 24.  Therefore, a motion for new trial based on
jury misconduct, which relies on affidavits of jurors, must allege that Aoutside
influences@ affected the jury=s
decision.  See Tex. R. Evid. 606(b); Golden Eagle,
24 S.W.3d at 368; Weaver, 739 S.W.2d at 24.  To constitute Aoutside
influences,@ the information must have come
from a source outside the jury, i.e., a non-juror who introduces
information affecting the verdict.  Golden
Eagle, 24 S.W.3d at 370; see also Hicks v. State, 15 S.W.3d 626, 629
(Tex. App.CHouston [14th Dist.] 2000, pet.
ref=d) (holding
a juror=s
affidavit inadmissible where she claimed statements from jury foreman and other
jurors caused her to vote guilty despite reasonable doubt); Hart v. State,
15 S.W.3d 117, 122 (Tex. App.CTexarkana
2000, pet. ref=d) (holding that purported
coercion by other jurors to reach a guilty verdict was not an outside
influence); Traylor v. State, 43 S.W.3d 725, 731 (Tex. App.CBeaumont
2001, no pet.) (reasoning that bargaining for votes to reach a guilty verdict
was not an outside influence).  

In support of his motion for new
trial, appellant attached an affidavit from one of the jurors.  The affidavit described how the jury reached
a verdict and alleged that several jurors found appellant guilty for reasons
other than guilt.  No other affidavits
were used to support the motion.  The
State moved to quash the juror=s
affidavit under Texas Rule of Evidence 606(b). 
The trial court quashed the affidavit and, because it was the only
support for appellant=s motion,
the court denied the motion for new trial without a hearing.  After reviewing the juror=s
affidavit in this case, we find that it addressed only matters which the juror
learned during jury deliberations.  These
matters clearly came from the other jurors and, as such, do not constitute outside
influences.  Accordingly, the trial court
properly quashed the juror affidavit and denied appellant=s motion
for new trial.  We overrule appellant=s third
point of error.

The judgment of the trial court
is affirmed.

 

/s/        J. Harvey Hudson

Justice

 

Judgment rendered and Opinion filed October 26, 2004.

Panel consists of Justices Anderson, Hudson, and Frost.

Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  The indictment
did not charge appellant with causing serious bodily injury under
section 22.021(a)(2)(A)(I).





[2]  To sustain appellant=s conviction, there must be
sufficient evidence that the complainant was threatened with or placed in fear
of death or serious bodily injury. 
See Blount v. State, 542 S.W.2d 164, 166 (Tex. Crim. App. 1976)
(explaining that an aggravated rape conviction Acan
stand only if there was sufficient proof of a threat of imminent infliction of
serious bodily injury.@); see also Hernandez v. State, 946 S.W.2d 108,
110B13 (Tex. App.CEl Paso
1997, no pet.) (holding the evidence was insufficient to support an aggravated
robbery and aggravated assault conviction where wounds did not create any Aserious bodily injuries@
according to the statutory definition).





[3]  The Texas Penal Code defines
serious bodily injury as: Abodily injury that creates a substantial risk of death or
that causes death, serious permanent disfigurement, or protracted loss or
impairment of the function of any bodily member or organ.@ 
Tex. Pen. Code Ann. ' 1.07(46) (Vernon 1994).  This
definition stands in contrast to bodily injury, which the Code defines as: Aphysical pain, illness, or any impairment of physical
condition.@  Tex. Pen.
Code Ann. ' 1.07(8) (Vernon 1994); see also
Hernandez v. State, 946 S.W.2d 108, 110B12 (analyzing the differences between Aserious bodily injury@ and bodily injury.@).

While the
complainant may not have suffered any long-term debilitating effects from these
injuries, the medical records make it clear that absent proper treatment, she
would have.  The Texas Court of Criminal
Appeals has explained when an injury would cause disfigurement or dysfunction
if not treated, it is to be considered a Aserious
bodily injury.@  Brown v.
State, 605 S.W.2d 572, 574B75 (Tex. Crim. App. 1980) (citing Boney v. State,
572 S.W.2d 529 (Tex. Crim. App. 1978)) (AThe
relevant issue was the disfiguring and impairing quality of the bodily injury
as it was inflicted, not after the effects had been ameliorated or exacerbated
by other actions such as medical treatment.@).





[4]  Appellant was
represented by another attorney prior to November 25, 2002.  However, the attorney who represented
appellant at trial had from that date until the trial was held, in March 2003,
to obtain access to appellant=s file.