Steven Neal BOGUE, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–06–00086–CR.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 12, 2006.

Decided Oct. 13, 2006.

Troy A. Hornsby, Miller, James, Miller & Hornsby, L.L.P., Texarkana, for appellant.

Randal Lee, Crim. Dist. Atty., Linden, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

 A jury found Steven Neal Bogue guilty of felony driving while intoxicated. *See* TEX. PEN.CODE ANN. § 49.04 (Vernon 2003), § 49.09 (Vernon Supp.2006). Bogue now appeals, alleging that reversible error occurred at his trial when the alternate juror was not excused (following submission of the case to the jury), but was instead allowed to spend less than fifteen minutes in the jury room before the error was realized by the trial court and the alternate excused. We agree that the trial court erred by failing to timely excuse the

alternate at the point the case was submitted to the jury, but we further conclude that the record fails to demonstrate any evidence of juror misconduct, nor does the record reveal any evidence of harm resulting to Bogue. Accordingly, we overrule Bogue's sole point of error and affirm the trial court's judgment.

 Whether juror misconduct occurs during a trial is a question of fact for resolution by the trial court. *Pharo v. Chambers County, Tex.*, 922 S.W.2d 945, 948 (Tex.1996). To warrant the granting of a new trial based on juror misconduct or improper communication to the jury, an appellant must demonstrate (1) that misconduct occurred, (2) that such misconduct was material, and (3) that such misconduct probably caused injury. TEX.R. CIV. P. 327(a); *see also Brandt v. Surber*, 194 S.W.3d 108, 133 (Tex.App.-Corpus Christi 2006, pet. filed). The appellant has the burden of proving that any improper conversations occurring between a juror and another party touched on a matter concerning the case at trial. *See Marquez v. State*, 620 S.W.2d 131 (Tex.Crim.App. 1981); *Starvaggi v. State*, 593 S.W.2d 323 (Tex.Crim.App.1979).

In the case now on appeal, the record shows the alternate juror spent about thirteen minutes[1] in the jury room with the primary jury after the jury had been given the court's written charge and after the trial court had sent the jury to deliberate. Thereafter, the trial court realized its mistake, called the alternate out of the jury room, and excused him. But before excusing that alternate, the trial court called this alternate as a witness regarding his activities during the thirteen minutes he had spent in the jury room. The thrust of

---

1. The reporter's record reflects a recess of thirteen minutes between the time the jury was sent to the jury room to begin deliberations and the time the court had the alternate

juror removed from the jury room. However, all the other evidence reflects that the alternate juror was in the jury room for five minutes or less.

the alternate's testimony, after being questioned by the court (and after the prosecutor and defense attorney elected to ask no questions) was that the alternate had not participated in any voting as to whether Bogue was guilty or innocent. The alternate also reported that no votes had yet been taken by the primary jury.

At the end of the trial, the court again took up the matter by questioning the jury foreman. Counsel for both the State and Bogue were present. The foreman testified under oath that, during the "[l]ess than five minutes" the alternate was in the jury room, the jury selected him as foreman "[p]retty much by acclamation" and had started its deliberations. The foreman confirmed that no vote as to guilt or innocence had been taken, but did testify that the alternate juror expressed an opinion concerning the time frame established by some of the evidence "not seeming to be right." Under the court's continued questioning, the foreman testified he did not feel the alternate's one statement about the time frame had any influence on the jury in reaching its verdict. He admitted that, after the alternate left the jury room, the jury did discuss the time frame brought up by the alternate, but he insisted this was a topic the jury would have discussed regardless of whether the alternate was present. At the end of the court's questioning, the only question asked by Bogue's counsel was, "Did anything [the alternate]—anything that he said or do [sic], did it influence the jury in its verdict?" and the foreman answered, "In my opinion, no."

■ To constitute juror misconduct, there must be an outside influence brought to bear on the jury's verdict. An outside influence

> "must emanate from outside the jury and its deliberations." *Soliz v. Saenz*, 779 S.W.2d 929, 931–32 (Tex.App.-Corpus Christi 1989, writ denied); *King v.*

*Bauer*, 767 S.W.2d 197, 198 (Tex.App.-Corpus Christi 1989, writ denied). An outside influence does not include "information not in evidence, unknown to the jurors prior to trial, acquired by a juror and communicated to one or more other jurors between the time the jurors received their instructions from the court and the rendition of the verdict;" nor does it include "[i]nformation gathered by a juror and introduced to the other jurors by that juror, even if the information were introduced specifically to prejudice the vote...." *Soliz*, 779 S.W.2d at 932. [The Thirteenth Court of Appeals] has explicitly held that "discussion of newspaper articles is not considered an outside influence." *King*, 767 S.W.2d at 198.

*Brandt*, 194 S.W.3d at 134.

The testimony of the alternate juror and of the foreman does nothing to show that the alternate's presence in the jury room for this brief period influenced the jury's verdict in any way. Therefore, while the trial court clearly erred by allowing the alternate to accompany the jury into the jury room after the jury had been given the court's charge, no harm is apparent from the record. Thus, the record would not support a finding by this Court that the trial court abused its discretion by concluding Bogue suffered no harm via the alternate's brief presence in the jury room.

We overrule Bogue's sole point of error and affirm the trial court's judgment.