

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00045-CR

_____

EDUARDO CARLOS ORTEGA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCR-4899-12; Honorable Felix Klein, Presiding

November 17, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Eduardo Carlos Ortega, was convicted by a jury of murder[1] with an affirmative finding on use of a firearm. Punishment was assessed by the jury at confinement for life plus a $10,000 fine. By three issues, Appellant questions whether (1) trial counsel was ineffective when he failed to preserve error and move for mistrial based on alleged juror misconduct, (2) the trial court erred in

---

[1] TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011).

admitting prejudicial and gruesome crime scene and autopsy photos into evidence,[2] and (3) his constitutional right to a complete and adequate record on appeal was violated. We affirm.

BACKGROUND

Appellant returned home to his apartment from drinking with his friends to find his girlfriend, Ashley, and her young daughter sleeping on the couch. He and Ashley engaged in an altercation. Appellant proceeded to the bedroom and Ashley followed. A fight broke out and Ashley was shot in the head. Appellant fled on foot to his mother's house, and Ashley's daughter ran to her maternal grandmother's house a few blocks away to report that her mother had been shot. Ashley's mother drove to the apartment and found Ashley on the bedroom floor where she tried to wake her. With no success at reviving Ashley, her mother called 911.

That same evening, Appellant called 911 from his mother's house to request an ambulance for himself for a gunshot wound to his index finger. He reported that Ashley had shot herself.

Appellant was arrested at his mother's house. During an interview with police, he admitted he had stolen the gun from his father. He gave inconsistent statements during an interview with a Texas Ranger and stated he shot Ashley by accident.

---

[2] This is how issue two is presented in Appellant's *Table of Contents*. However, in the *Issues Presented* portion of his brief, Appellant's second issue questions whether "trial counsel provided ineffective assistance because he failed to investigate the facts surrounding possible jury misconduct." In his *Summary of Argument* and *Argument* portions of his brief, Appellant does not present any argument or authorities contesting the trial court's admission of crime scene and autopsy photos. Consequently, any challenge to the admission of the photos is not presented for review. TEX. R. APP. P. 38.1(h), (i).

Notwithstanding his version of the events, he was charged with and convicted of murder.

ISSUES ONE AND TWO

Appellant frames issues one and two as assertions of ineffective assistance of counsel in failing to preserve error concerning potential juror misconduct and failing to investigate potential juror misconduct. He claims the jurors had an outside influence.

A claim of ineffective assistance of counsel is governed by the familiar framework of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). To prevail, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Id.* Trial counsel's performance is deficient if it is not within the range of competence demanded of attorneys in criminal cases as reflected by prevailing professional norms, and courts indulge in a strong presumption that counsel's conduct was *not* deficient. *Id.* at 307-08. A defendant suffers prejudice if there is a reasonable probability that, absent the deficient performance, the outcome would have been different. *Id.* at 308. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* It is a rare case in which the trial record will by itself be sufficient to demonstrate an ineffective-assistance claim. *Id.*

On day two of the trial, the trial judge entered the jury room during the lunch recess and observed a copy of the local newspaper with a headline about Appellant's case. The trial judge convened the parties and outside the jury's presence, announced that the offending juror would be dismissed if that person had read the article. Defense

3

counsel threatened to move for mistrial. The jury was then brought in to determine who had brought the newspaper into the jury room. Juror Duggan acknowledged leaving the newspaper in the jury room but claimed he avoided reading the article after seeing the picture. The remaining jurors and alternate were each polled about whether they had read the article or any other form of media. All denied having done so. The jurors were admonished to take the trial court's instructions seriously and the proceedings continued.

Before evaluating whether trial counsel's performance was ineffective as asserted by Appellant, it is first necessary to determine whether juror misconduct indeed occurred and, if so, was it harmful to Appellant. Whether juror misconduct occurs during trial is a question of fact for the trial court. *Bogue v. State*, 204 S.W.3d 828, 829 (Tex. App.—Texarkana 2007, pet. ref'd). To constitute juror misconduct, there must be an "outside influence" brought to bear on the jury's verdict. *Id.* at 830. Generally speaking, while reading a newspaper article concerning a trial might constitute a violation of the court's instructions, it is not an "outside influence" unless it is introduced into the jury's consciousness by someone outside the jury, with the intent to affect the verdict. *King v. Bauer*, 767 S.W.2d 197, 198 (Tex. App.—Corpus Christ 1989, writ denied).

In this case, the trial court conducted an investigation and determined that the incident did not constitute an outside influence of the jurors. All jurors denied having read the article about Appellant's case in the newspaper and the trial court found no juror misconduct. Without an outside influence having occurred, trial counsel's

4

performance in that regard cannot be characterized as deficient or ineffective by failing to move for mistrial or investigate the matter further. Issues one and two are overruled.

ISSUE THREE

In briefing his third issue, Appellant argues "it appears that the Reporter's Record is incomplete to the issue of juror's misconduct" and concludes in a three-sentence paragraph, "Appellant does not believe he has sufficient evidence to argue this point." Notwithstanding that the issue is inadequately briefed, TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011), the State supplemented the reporter's record with a five-page transcription of the missing portion which reflects the trial judge polling jurors on whether they had read any media accounts of Appellant's trial. In as much as Appellant has not demonstrated that his constitutional right to a complete record was violated, issue three is overruled.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.