**Opinion filed July 11, 2013**



## In The

# Eleventh Court of Appeals

_____

### No. 11-11-00219-CR

_____

## MICHAEL HERNANDEZ, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 24230A**

### O P I N I O N

The jury convicted Michael Hernandez, Jr., a/k/a Rudy Gil, of murder as charged in the first paragraph of the indictment. It found that Hernandez knowingly and intentionally caused the death of Roland Lopez by striking him in the head with a deadly weapon that in the manner of its use or intended use was capable of causing death or serious bodily injury. The trial court found that an

enhancement paragraph relating to an arson charge was true, assessed Hernandez's punishment at confinement for fifty years, and then sentenced him accordingly. We affirm.

Hernandez presents us with three issues. First, he argues that the trial court erred when it dismissed a juror after it found that the juror was disabled. Next, Hernandez maintains that the trial court erred when it denied his motion for mistrial and instead proceeded to trial with eleven jurors. Finally, in his third issue on appeal, Hernandez urges that the trial court reversibly erred when it refused to charge the jury on the lesser included offense of aggravated assault.

Hernandez and his brother, Juan Rodriquez; Hernandez's parents; his sister, Julia Gil; and Samantha Barrera all lived at 3689 North 11th Street in Abilene. Charlene Randall lived across the street. On the evening of the offense, Randall was awakened by shouting. The shouting came from across the street in the front yard of the house where Hernandez and the others lived. Randall saw two men and a woman in the yard. The shouting eventually stopped, and the woman as well as the two men who had been in the front yard went back into the house; Randall went back to bed.

At some point in time, the police went to Hernandez's house in response to a disturbance call. When the police arrived, they found Roland Lopez lying outside on the ground. He was bleeding from his head and had no pulse. After he was taken to the hospital, he was placed on life support even though he had no brain activity. When life support was removed, Lopez died.

Testimony from Barrera shows that Lopez came to the house where she and Hernandez and the others lived. Hernandez and Lopez had had trouble and had fought before. Hernandez and Rodriquez met Lopez in the front yard; Hernandez and Rodriquez brought baseball bats with them. Hernandez and Rodriquez both started hitting Lopez with the baseball bats until Lopez fell down. Barrera testified

that, as Lopez lay on the ground, Hernandez hit him in the head two more times with the baseball bat.

Hernandez, Barrera, and Rodriquez went back inside the house and called 9-1-1. They agreed upon a story that they would tell the police: they had gone out into the yard after they heard a commotion. They saw some other men drive away. They also agreed that they would deny that they knew who Lopez was, even though Lopez was the father of Hernandez's niece. Barrera later withdrew what she says was the concocted story and testified to the jury as we have set forth above.

After the State and Hernandez had rested and closed their cases, but before the charge of the court was read to the jury, one of the jurors informed the trial court that she could not be fair and impartial. Hernandez's family lived close to her house, and she knew them. Additionally, her husband had a work relationship with Hernandez's father. The trial court found that the juror was disabled. Hernandez did not object to that ruling but, instead, agreed with the trial court's action. However, following the dismissal of the juror, Hernandez moved for a mistrial because there were only eleven jurors left to decide the case. The trial court denied the motion, and the remaining eleven jurors ultimately found Hernandez guilty of murder.

Hernandez attempts to argue on appeal that the juror whom the trial court found to be disabled was not in fact disabled. As we have pointed out, at trial, Hernandez not only failed to object to the discharge of the juror, but he also agreed to it. We need not decide whether, under the facts of this case, the juror was disabled or not. Hernandez cannot now be heard to complain about that to which he assented; he is estopped from doing so. *Jones v. State*, 119 S.W.3d 766, 784 (Tex. Crim. App. 2003). Hernandez's first issue on appeal is overruled.

In his second issue, Hernandez complains that the trial court erred when it overruled his motion for mistrial. We disagree.

A trial court has the discretion to declare a mistrial when it is based upon manifest necessity. The court in *Hill* stated that "[m]anifest necessity exists when the circumstances render it impossible to arrive at a fair verdict, when it is impossible to continue with trial, or when the verdict would be automatically reversed on appeal because of trial error." *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002). A trial court must consider less drastic alternatives before it grants a mistrial. *Id.* When it grants a mistrial even though there are less drastic alternatives that will serve to best preserve the accused's right to have his trial completed by a particular tribunal, the trial court abuses its discretion. *Id.*

A trial may proceed with eleven jurors under circumstances provided for in Article 36.29(a) of the Texas Code of Criminal Procedure:

> Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided in Subsection (b), however, after the trial of any felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it.

TEX. CODE. CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2012).

Another provision that governs trials with less than twelve jurors is contained in Section 62.201 of the Texas Government Code. That section contains the following provision:

> The jury in a district court is composed of 12 persons, except that the parties may agree to try a particular case with fewer than 12 jurors.

TEX. GOV'T CODE ANN. § 62.201 (West 2013).

4

Consent of the parties is required under Section 62.201. There was no such agreement in this case and that provision does not apply here.

On the other hand, Article 36.29(a) does not require the consent of the parties. *Hill*, 90 S.W.3d at 315. "On the contrary, Art. 36.29 requires that the trial proceed with eleven jurors if one juror dies or becomes disabled from sitting." *Id.* And we have already held that Hernandez is estopped from claiming that the juror discharged by the trial court in this case was not disabled under the statute. What is required in this case is that the trial court consider and rule out less drastic alternatives to a mistrial, such as proceeding to trial with eleven jurors. Here, proceeding to trial with eleven jurors did not make it impossible to arrive at a fair verdict or to continue with trial—Article 36.29(a) required that action. Further, the verdict would not be automatically reversed on appeal due to trial error because Article 36.29(a) compels the trial court to continue the trial with eleven jurors. To proceed with eleven jurors is not simply a procedure that is authorized under these circumstances, it is "compelled by the statute." *Id.* The trial judge was *required* to proceed with eleven jurors. *Id.* Because there was a less drastic alternative to a mistrial—trial with eleven jurors—there was no manifest necessity for the trial court to grant one.

Hernandez relies on *Carrillo v. State*, 597 S.W.2d 769 (Tex. Crim. App. 1980), for his argument in this issue as well as his first issue. *Carrillo* is distinguishable on its facts because, there, the defendant did not agree that the juror was disabled; he objected to that determination. 579 S.W.2d 769. The Court of Criminal Appeals agreed that the juror was not disabled and, therefore, held that the trial court should have told the accused that it would continue the trial without discharging the juror unless the accused agreed to continue with eleven jurors or asked for a mistrial. Article 36.29(a) was not implicated because the juror was not disabled under the statute. Here, however, that issue was foreclosed when

Hernandez agreed that the juror should be discharged. Article 36.29(a) was then brought into play, and the trial court had no alternative but to continue the trial with eleven jurors. Hernandez's second issue on appeal is overruled.

Finally, Hernandez takes issue with the trial court's denial of his request to submit to the jury the lesser included offense of aggravated assault.

A two-pronged test is used to determine whether a lesser included offense must be included in the jury charge when requested. A charge on a lesser included offense is required if (1) the lesser included offense is included within the proof necessary to establish the charged offense and (2) there is some evidence that would permit a rational jury to find that, if the accused is guilty, he is guilty of only the lesser offense. *Hall v. State*, 225 S.W.3d 524, 526, 535 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981); *see* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006).

With respect to the first prong, an offense is a lesser included offense of another offense under Article 37.09(1) if the indictment for the greater-inclusive offense either (1) alleges all of the elements of the lesser included offense or (2) alleges elements plus facts from which all of the elements of the lesser included offense may be deduced. *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009). The resolution of the first prong is a question of law to be determined by looking at the elements and facts alleged in the charging instrument, not the evidence presented at trial. *Hall*, 225 S.W.3d at 535. The State concedes, and we agree, that the first prong is satisfied in this case.

In connection with the second prong of the inquiry, some evidence must exist in the record that would permit a jury to rationally find that, if the accused is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at

6

672–73. The evidence must be evaluated in the context of the entire record. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). There must be some evidence from which a rational jury could acquit an accused of the greater offense while convicting him of the lesser included offense. *Id.* The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Id.* Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. *Hall*, 225 S.W.3d at 536.

In his brief to this court, Hernandez correctly sets forth the law applicable to lesser-included-offense instructions. He then makes these two statements in connection with the application of that law: (1) "Mr. Hernandez is alleging in this case, [sic] that he was a part of the fight but that he did not cause the death of the victim. *See Campbell v. State*, 149 S.W.3d 149, 155 (Tex. Crim. App. 2004). Clearly, aggravated assault is a lesser included offense of murder." The State has conceded that point.

As to the second prong, Hernandez then makes this summary statement: "The second question is whether some evidence exists in the record that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the lesser included offense. In this case, there is some evidence that if Mr. Hernandez is guilty, he is guilty of aggravated assault." However, Hernandez neither tells us what that evidence is nor where we can find it in the record. Furthermore, we have not been able to find on our own any evidence in the record that would allow a rational jury to acquit Hernandez of the greater offense of murder while convicting him of the lesser included offense of aggravated assault. Hernandez's third issue on appeal is overruled.

7

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


July 11, 2013

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.