

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00241-CR

_____

KELLY WAYNE LAMON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Red River County, Texas
Trial Court No. CR-02184

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

O P I N I O N

After Kelly Wayne Lamon was tried and convicted by a Red River County jury for assault of a public servant[1] and sentenced to twelve years' imprisonment, he has appealed. Lamon bases his complaint on appeal on what he claims was the improper discharge of a juror and the subsequent continuation of the trial with only eleven jurors, despite his objection. We affirm the judgment of the trial court.

## I.      Background

In what could only be described as a botched attempt to escape from the Red River County Jail, two jail inmates (one of whom was identified as Lamon) burst into the jail communications center where Phyllis Owens was working as a dispatcher on May 4, 2014. After Owens briefly struggled with one of the inmates, Lamon placed Owens in a choke hold, causing Owens to lose consciousness. Despite this momentary success of the escape attempt, the attempt was thwarted when several other prisoners heard the commotion, came to the scene, and subdued Lamon and his cohort. Owens suffered from a strained shoulder and neck and bruising to her right arm as a result of the choke hold applied to her by Lamon.

Lamon's case was tried to a jury. After jury selection had been completed and the selected jurors were empaneled and sworn, the jurors were released for the day and were instructed to return the following day for the commencement of the next stage of trial. Instead, one of the jurors returned to the courtroom about twenty minutes after the panel was released. This juror informed the trial court that he did not believe he could continue to serve as a juror. The trial court

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2014).

2

(prohibiting the juror from relating the reason that he believed himself to be barred from continuing to serve as a juror) informed the juror to return the following morning, when his concerns would be addressed. The following morning, the trial court commenced a hearing wherein the juror was questioned by the trial court, the State, and defense counsel. The juror indicated that because of his past experience, he did not feel as if he could fairly serve on a jury involving a male-on-female assault, indicating that should Lamon be adjudged guilty, he (the juror) would likely be unable to consider the full range of punishment (i.e., he would likely be unable to consider assessing the minimum sentence). When asked if he could set aside any prejudices and fully and fairly perform the duties of a juror, the juror responded, "[O]n the punishment phase[,] . . . I got a strike against you . . . ." After thanking the juror for his honesty, defense counsel never actually voiced an objection to releasing the juror from service, saying, rather, "I think the Court understands where I am."[2] The trial court then discharged the juror from service. After the juror was excused by the trial court, it was announced that the trial court had discharged the juror. From the discussion that ensued following that announcement, it appears that had the excused juror announced his inability to consider the full range of punishment during voir dire and been excused before having been sworn and seated, there would not have been a sufficient number of prospective jurors in the panel to seat an alternate juror. The trial proceeded with only eleven jurors over Lamon's objection.

---

[2]Apparently, Lamon believed himself faced with something of a Hobson's choice here. Under the circumstances as he apparently perceived them to be, on the one hand, he could point out to the trial court that the juror had not presented a statutorily sound reason to remove him from the jury at that juncture (which could have placed him in the situation of favoring the retention of a juror having an apparent animus to Lamon's position if the punishment were to be decided by the jury) or he could say nothing and allow the trial court to dismiss a juror when there was no replacement available. Lamon, in his response, invited the court to remove the juror, and he did not seem to entertain any other alternative.

3

## II.    Analysis

Lamon contends that the bias expressed by the juror did not support discharging the juror at that stage of the trial (i.e., after the jury had been empaneled), pointing out that the juror's expressed bias did not rise to the level of a disability as required by statute.  This error, Lamon contends, resulted in his conviction by a jury consisting of only eleven jurors.  Lamon, therefore, asks this Court to reverse his conviction because it cannot be determined beyond a reasonable doubt that the constitutional error of trial to an eleven-person jury did not contribute to his conviction.

Article 36.29 of the Texas Code of Criminal Procedure governs the discharge of a juror after a trial of any felony case has begun.[3]  It provides that "after the trial of any felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict."  TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2014).[4]  The operative word here is "disabled."  "A juror is disabled if she has a 'physical illness, mental condition, or emotional

---

[3]"A trial begins when the jury is sworn." *McClellan v. State*, 143 S.W.3d 395, 399–400 (Tex. App.—Austin 2004, no pet.); *see Maten v. State*, 962 S.W.2d 226, 227 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see also Crist v. Bretz*, 437 U.S. 28, 35 (1978) (holding jeopardy attaches when jury is empanelled and sworn).

[4]Article 36.29 tracks the language of Article V, Section 13 of the Texas Constitution, which provides that a jury in a felony criminal trial must be composed of twelve members.  It further provides, however, that

> [w]hen, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict; provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict.

TEX. CONST. art. V, § 13.

state' which hinders her ability to perform her duties as a juror." *Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002) (en banc) (quoting *Landrum v. State*, 788 S.W.2d 577, 579 (Tex. Crim. App. 1990) (per curiam)). "The determination as to whether a juror is disabled is within the discretion of the trial court, and absent an abuse of that discretion, no reversible error will be found." *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999); *see Routier v. State*, 112 S.W.3d 554, 588 (Tex. Crim. App. 2003).

In this case, however, Lamon lodged no objection to the discharge of the juror. Thus, we must first determine whether Lamon has preserved any potential error for our review. As a general rule, a specific and timely objection must be made for error to be preserved for appellate review. *See* TEX. R. APP. P. 33.1. This rule is designed to provide the trial court the opportunity to avoid the error or to take corrective action to cure the error. *See Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). The situation presented here, however, goes beyond a mere failure to preserve error. Rather, it presents an issue of invited error. "This doctrine estops a party from making an appellate error of an action that it induced." *Degadillo v. State*, 262 S.W.3d 371, 372 (Tex. App.—Fort Worth 2008, pet. ref'd). As explained by the Texas Court of Criminal Appeals,

> "Waiver might usefully be distinguished from what is sometimes called 'invited error.' If a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error. This is not really a waiver of error previously committed. Rather, it is part of the definition of what can constitute error, and quite reasonably defines error of which a party may complain as excluding those actions of the trial court actually sought by the party in that tribunal."

*Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (quoting George E. Dix, et al., 43 *Texas Practice: Criminal Practice & Procedure* § 42.141 (Supp. 1999) (footnote omitted)).

Rather than lodging an objection to discharging a juror who was clearly biased against him, Lamon essentially prompted the trial court's decision. If one looks at the words Lamon uttered when that issue was raised and examines the posture in which he found himself, it is more likely that Lamon encouraged the trial court to discharge the juror rather than his trying to dissuade the discharge of the juror. After exploring the juror's bias, counsel for Lamon stated, "I think the Court understands where I am." Given the juror's comments, which clearly indicated bias against Lamon, counsel's statement can fairly be interpreted to mean that he did not want this juror on this case, thus prompting the trial court to discharge the juror. Following immediately on the heels of defense counsel's remark, the trial court released the juror from service. It is reasonable to conclude that defense counsel's comment was an implicit request that the juror be discharged. No alternate jurors had been selected.

The Texas Court of Criminal Appeals applied the doctrine of invited error in a somewhat similar situation. *See Jones v. State*, 119 S.W.3d 766, 784 (Tex. Crim. App. 2003). In that case, Jones alleged that the trial court erred in discharging a juror pursuant to Article 36.29(b) of the Texas Code of Criminal Procedure.[5] *Id*. at 783–84. At trial, Jones claimed that discharge was not warranted under the statute. Jones nevertheless proposed discharge as an alternative to mistrial at

---

[5]Article 36.29(b) provides,

> (b) If alternate jurors have been selected in a capital case in which the state seeks the death penalty and a juror dies or becomes disabled from sitting at any time before the charge of the court is read to the jury, the alternate juror whose name was called first under Article 35.26 of this code shall replace the dead or disabled juror. Likewise, if another juror dies or becomes disabled from sitting before the charge of the court is read to the jury, the other alternate juror shall replace the second juror to die or become disabled.

TEX. CODE CRIM. PROC. ANN. § 36.29(b) (West Supp. 2014).

6

least three times. *Id.* at 784. Because Jones requested the discharge as an alternative to mistrial, the Court of Criminal Appeals concluded that he was estopped from complaining about it on appeal. *Id.*

A similar situation was addressed by our sister court in *Hernandez v. State*, 416 S.W.3d 522 (Tex. App.—Eastland 2013, pet. ref'd). There, after the parties rested and closed, but before the charge was read to the jury, a juror informed the trial court that she could not be fair and impartial. *Id.* at 524–25. The juror explained that the defendant's family lived close to her house and that she knew them. The juror further explained that her husband had a work relationship with the defendant's father. *Id.* at 525. Counsel for Hernandez agreed with the trial court's decision to dismiss the juror as disabled. *Id.* After the juror was dismissed, Hernandez moved for a mistrial because there were only eleven jurors left to decide the case. The trial court denied the motion for mistrial, and Hernandez was found guilty of murder by the remaining eleven jurors. *Id.* On appeal, Hernandez claimed the trial court erred in discharging the juror as disabled. Because Hernandez not only failed to object to the discharge, but agreed to it, the court found that he was estopped from complaining about that to which he assented. *Id.* (citing *Jones*, 119 S.W.3d at 784).

Here, because Lamon implicitly requested the juror's discharge, we find that he is estopped from complaining about the propriety of the trial court's decision on appeal. *See Jones*, 119 S.W.3d at 784; *Hernandez*, 416 S.W.3d at 525; *see also Druery v. State*, 225 S.W.3d 491, 505–06 (Tex. Crim. App. 2007) (defendant estopped from claiming failure to include instruction on lesser-included offense was fundamental error when defendant informed trial court that lesser-included instruction not desired); *Degadillo*, 262 S.W.3d at 377 (because Degadillo asked trial court to

7

substitute excused venire member for disqualified juror, doctrine of invited error estopped him from complaining of trial court's actions, even if actions were "fundamental error").

After the juror was discharged in this case, defense counsel complained of going forward with an eleven-person jury. The trial court indicated that under Article 36.29(a), it was permitted to proceed with trial regardless of the defendant's failure to consent. Defense counsel countered that, with his client's consent and urging, "the Court can simply declare a mistrial and retry the case in January." On appeal, Lamon does not raise the trial court's refusal to grant a mistrial as a point of error. Instead, Lamon contends that trial by an eleven-person jury was fundamental error.

*Hernandez* discussed this issue in some detail, in light of a specific appellate complaint that the trial court erred in overruling Hernandez' motion for mistrial. There, the court concluded that Article 36.29 "'requires that the trial proceed with eleven jurors if one juror dies or becomes disabled from sitting.'" *Hernandez*, 416 S.W.3d at 526 (quoting *Hill*, 90 S.W.3d at 315)). Here, any complaint regarding the trial court's refusal to grant a mistrial was not brought forward on appeal. Further, the doctrine of invited error estops Lamon from now complaining about the trial court's decision to go forward with an eleven-person jury.[6] *See Degadillo*, 262 S.W.3d at 377.

---

[6] Lamon did not seek a mistrial based on juror misconduct.

8

We affirm the trial court's judgment.


                                        Bailey C. Moseley
                                        Justice

Date Submitted:     May 11, 2015
Date Decided:       May 19, 2015

Publish