

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-14-00363-CR

___

ARTURO MONTENEGRO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 67,865-E, Honorable Douglas Woodburn, Presiding

___

June 4, 2015

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Arturo Montenegro, Jr., was convicted of the offense of possession of a controlled substance, cocaine, in an amount of less than one gram in a drug-free zone.[1] Additionally, the jury found two prior felony enhancement paragraphs to be "True,"[2] and sentenced appellant to 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant has perfected his

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(d)(1) (West Supp. 2014).

[2] *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014).

appeal and brings forth two contentions for our consideration. First, appellant contends that the trial court erred by declaring a juror disabled because of a bias professed by the juror after the jury was seated. Second, appellant contends that the trial court erred in proceeding with eleven jurors without his consent. For the reasons hereinafter set forth, we will affirm the conviction.

## Factual and Procedural Background

Appellant does not challenge the sufficiency of the evidence; therefore, we recite only that portion of the record germane to his contentions.

Following voir dire of the jury panel, a jury of twelve citizens was seated and sworn. The State read the indictment and appellant entered his plea. The trial court then took a noon recess. During the break, one of the seated jurors penned a note to the trial court. The note is not produced in the record; however, the contents of the note were discussed on the record.

From the record, we can see that the juror observed appellant from the back, after the jury was sworn and seated. When observing appellant from the back, this particular juror, for the first time, noticed a tattoo on the back of appellant's head. Based upon seeing the tattoo, the juror stated that he could not be fair and that he considered anyone with a tattoo, "either on their face or their head or their neck, to be criminal—you know, to be a thug[.]" The juror was interviewed by the trial court, the State's attorney, and counsel for appellant. In each instance, he stated that he could not follow the trial court's charge because he automatically thought the person with the tattoo was a criminal.

Following this discussion, trial counsel made the following statement to the trial court:

> Well, Your Honor, I would object to this juror being on the jury. First of all, this is not automatic. I mean, you brought him in here, you talked to him and he still maintains his position. His position is that he cannot be fair.
>
> Your honor, due to the fact that we haven't put on any evidence, we haven't gone any further, I don't think that we need this juror on this jury and I would ask that he be excused.

The juror was subsequently found to be disabled by the trial court and excused.

After having discharged the juror, the trial court was bringing the remaining eleven jurors back to begin the case and appellant objected. Appellant then requested a mistrial. The trial court overruled the request and trial commenced.

After hearing the evidence, the jury found appellant guilty and assessed punishment at 40 years confinement in the ID-TDCJ. Appellant appeals contending that the trial court erred in discharging the juror in question as disabled and completing the trial with eleven jurors without the consent of appellant. We overrule appellant's contentions and affirm the judgment of conviction.

Analysis

The question of whether a juror has become disabled for the purposes of article 36.29 of the Texas Code of Criminal Procedure is vested in the sound discretion of the

trial court.[3]  *See Routier v. State*, 112 S.W.3d 554, 588 (Tex. Crim. App. 2003).

Accordingly, we will not disturb that finding absent an abuse of discretion.  *Id.*

However, before we can address that question, we must look at the procedural aspect of whether this issue is properly before the Court.  The State contends that the issue was not preserved for appeal because trial counsel actually requested that the juror in question be dismissed from the jury because of his bias against tattoos.  We agree with the State.

The record before us clearly demonstrates that, prior to the trial court finding the juror disabled, appellant requested that said juror be dismissed.  Now, appellant complains about the trial court's action in finding the juror disabled.  In this situation, appellant has not only waived the error, he invited it.  *See Woodall v. State,* 336 S.W.3d 634, 644 (Tex. Crim. App. 2011) (holding that a party cannot take advantage of an error that it invited or caused) (citing *Prystash v. State,* 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (en banc)).  Accordingly, appellant's first issue is overruled.

Turning to appellant's complaint that the trial court erred in continuing with eleven jurors over appellant's objection, we note that, because of the resolution of the first issue, we need not address whether the trial court erred in invoking the provisions of article 36.29(a).  Inasmuch as the trial court cannot be found to have erred in its declaration that the juror was disabled, we likewise find that the trial court did not err in continuing with eleven jurors.  The provision of article 36.29(a) clearly allows such an

---

[3] Article 36.29(a) provides in relevant part, that "after the trial of any felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render verdict. . . ."  TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2014).  Further reference to the Texas Code of Criminal Procedure will be by reference to "article ____."

4

action and does not require the consent of the appellant. *See Hernandez v. State*, 416 S.W.3d 522, 525-26 (Tex. App.—Eastland 2013, pet. ref'd) (citing *Hill v. State,* 90 S.W.3d 308, 315 (Tex. Crim. App. 2002)). Accordingly, appellant's second issue is overruled.

## Conclusion

Having overruled appellant's two contentions, the judgment of conviction is affirmed.


Mackey K. Hancock
Justice


Do not publish.