# NO. 12-22-00213-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KELDRON BEARD,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Keldron Beard appeals his conviction for aggravated robbery.  In two issues, Appellant asserts that he was entitled to a mistrial and that his trial counsel rendered ineffective assistance. We affirm.


## BACKGROUND

On the night of March 17, 2020, Appellant robbed the Lucky Stop convenience store in Nacogdoches County, Texas, while carrying a handgun.  Following an investigation, law enforcement arrested Appellant.  The State subsequently indicted Appellant for the offense of aggravated robbery.  Appellant pleaded "guilty" to the offense but elected to have a jury determine his sentence.  Thereafter, this matter proceeded to a jury trial on punishment.

On the second day of the punishment trial, defense counsel notified the court of two incidents wherein jurors were overheard discussing the case outside of the deliberation room. Defense counsel requested a hearing to 1) determine the nature and level of juror misconduct, if any, and 2) seek an appropriate remedy from the trial court. At the hearing, the trial court heard testimony about the two events.  Defense counsel conceded, and the trial court held, that no juror misconduct occurred related to the first incident.  The second incident involved a conversation in a stairwell between two jurors, Juror 2 and Juror 12, which an employee of another court

overheard. The two jurors each testified individually that they discussed the possible length of the trial, but did not recall every detail of the conversation. The court employee testified that while she did not hear either juror mention any facts of the case, one juror expressed being "torn," but leaning more toward the State, and the other juror answered, "I don't really know where I am." The second juror further expressed to the first that he believed the conversation was permissible because they were not "discussing anything specific."

Defense counsel conceded that the stairwell conversation between Juror 2 and Juror 12 did not harm Appellant or constitute misconduct. Defense counsel instead moved for mistrial because the two jurors' respective testimony differed from the court employee's testimony, which he argued meant the jurors were untruthful to the court, which constituted misconduct. The trial court denied the motion for mistrial, finding that the witness testimony was not wholly inconsistent and none of the witnesses lacked candor. After the hearing, the trial court again instructed the jury on its obligation not to discuss the case outside of deliberations.

Subsequently, at the end of the State's case-in-chief, Juror 1 asked to speak with the trial court. She expressed fear that she and her fellow jurors might be "sought after" by gang members for serving on the jury and wanted to know how the court planned to protect her from retaliation. Juror 1 also stated in a letter to the trial court that she was nervous for her own and her family's safety during and after the trial, as it was apparent from the evidence that Appellant still had access to his cell phone and could potentially research the jurors. The judge asked Juror 1 whether her concerns and fears would inhibit her from "fully and fairly performing" the functions of a juror, and rendering a verdict based on the law provided by the court. Juror 1 twice stated that she would still be able to perform her duty as a juror despite her concerns. Defense counsel asked only one question: whether Juror 1 would give the same answer if Appellant were present in the courtroom. Juror 1 responded affirmatively. Defense counsel did not request that the court remove Juror 1 as a juror or make any further objection to her continued presence on the jury. The trial court found that Juror 1 was still able to fully and fairly perform her functions as a juror and remained qualified to serve on the jury.

At the conclusion of trial, the jury assessed punishment of life imprisonment and a $2,500.00 fine. This appeal followed.

2

## MOTION FOR MISTRIAL

Appellant argues that the trial court erred when it denied his motion for mistrial because the stairwell conversation between jurors Juror 2 and Juror 12 reflected their bias against Appellant prior to the close of evidence, and that the jurors' impartiality prejudiced Appellant.

## Standard of Review and Applicable Law

A trial court's denial of a mistrial is reviewed for abuse of discretion, and the trial court's ruling must be upheld if it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). We view the evidence in the light most favorable to the trial court's ruling. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Mistrial is the appropriate remedy when error is so prejudicial that expenditure of further time and expense would be futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). It is a remedy intended for extreme circumstances when prejudice is incurable and less drastic alternatives have been explored. *Ocon*, 284 S.W.3d at 884. Furthermore, instructions to the jury generally are considered sufficient to cure improprieties that occur during trial, and we generally presume that a jury will follow the judge's instructions. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). To warrant a mistrial based on juror misconduct, "the movant must establish not only that jury misconduct occurred, but also that it was material and probably caused injury." *Ryser v. State*, 453 S.W.3d 17, 39 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Bogue v. State*, 204 S.W.3d 828, 829 (Tex. App.—Texarkana 2006, pet. ref'd)).

When a juror makes statements outside of deliberations that indicate bias or partiality, such bias can constitute jury misconduct that prohibits the accused from receiving a fair and impartial trial. *Granados v. State*, 85 S.W.3d 217, 235 (Tex. Crim. App. 2002), *cert. denied*, 538 U.S. 927 (2003). Although jurors must engage in some assessment of credibility and evaluation of the evidence prior to the time the judge sends the jury to deliberate, where a juror's statements call into question whether he is biased, the trial court should inquire and determine the juror's intent when making the statement. *Id.* at 236; *Quinn v. State*, 958 S.W.2d 395, 403 (Tex. Crim. App. 1997). When making this inquiry, the trial court retains discretion in determining whether a juror is biased, and an appellate court reviews the trial court's decision in the light most favorable to its recorded findings. *Granados*, 8 S.W.3d at 235.

**Analysis**

In this case, the trial court opted to examine the jurors about the allegations of misconduct and heard conflicting testimony about the stairwell conversation. Juror 2 and Juror 12 both indicated that they recalled only discussing the possible length of the trial. But the court employee stated that she heard one juror say he was torn about his decision, but was leaning toward the State, and the other say that he had not formed an opinion. Both Juror 2 and Juror 12 affirmatively stated that they did not discuss any facts of the case, and the court employee testified that she did not hear any such statements. Following this examination, the trial court held that even if the conversation occurred as reported by the court employee, the discussion was not material, and even if it were material, it did not prejudice Appellant.

As previously stated, we defer to the trial court's findings, and we review the trial court's decision in the light most favorable to its findings. *Granados*, 85 S.W.3d at 236. The testimony of the court employee, at worst, depicts two jurors who had not come to a final conclusion on the evidence. In addition, the trial court was in a better position to determine the witnesses' credibility and demeanor, and it had discretion to reconcile the conflicts in the evidence. *See Quinn*, 958 S.W.2d at 402; *see also Scales v. State*, 380 S.W.3d 780, 784 (Tex. Crim. App. 2012). With these standards in mind, based on the evidence before the trial court and our review of the record, we conclude the trial court could have, within its sound discretion, properly found that the jurors' conversation did not evidence bias or partiality. Moreover, curative instructions frequently serve as effective, "less drastic" alternatives to the extreme remedy of a mistrial. *Hernandez v. State*, 416 S.W.3d 522, 525 (Tex. App.—Eastland 2013, pet. ref'd) (citing *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002)); *see Granados*, 8 S.W.3d at 237. Following the inquiry, the trial court admonished the jurors to obey the court's previous instruction not to discuss the case with anyone, including each other, until the end of the trial. The record does not show that any of the jurors subsequently disobeyed this instruction or otherwise attempted to improperly influence the deliberations, and we presume that the trial court's instructions were followed as presented. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998); *Harper v. State*, No. 02-15-00374-CR, 2016 WL 4045203, at *7 (Tex. App.—Fort Worth July 28, 2016, no pet.) (mem. op., not designated for publication).

Accordingly, under these circumstances, we conclude that the trial court did not abuse its discretion by denying Appellant's motion for mistrial. We overrule Appellant's first issue.

4

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Appellant argues that trial counsel rendered ineffective assistance by failing to request that the court excuse Juror 1 prior to deliberations, object to her continued presence on the jury, and move for a mistrial.

## Standard of Review and Applicable Law

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). A deficient performance occurs when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must show that counsel's representation fell below an objective standard of reasonableness. *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must affirmatively show that counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999). The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. *Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App.—Texarkana 2000, pet. ref'd). It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings; he must show that there is a reasonable probability that, but for his attorney's errors, the extent of his punishment would have been less. *See id.*; *see also Bone v. State*, 77 S.W.3d 828, 837 (Tex. Crim. App. 2002). The appellant must prove both prongs of the *Strickland* test by a preponderance of the evidence to prevail; failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Tong*, 25 S.W.3d at 712; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Review of trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We begin with a "strong presumption" that counsel's conduct falls within the wide range of

5

reasonable professional assistance and was motivated by sound trial strategy. ***Jackson v. State,*** 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The appellant bears the burden to overcome this presumption by presenting evidence showing *why* trial counsel did what he did. ***Id.***; ***Tong***, 25 S.W.3d at 712. An appellant cannot meet this burden if the record does not affirmatively demonstrate the alleged ineffectiveness. *See* ***Kemp v. State***, 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (a record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim). Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his actions. *See* ***Bone***, 77 S.W.3d at 836. When the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. ***Gamble v. State***, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.).

**Analysis**

Appellant argues that Juror 1 was clearly biased and unable to fully and fairly perform the functions of an impartial juror. Appellant further argues that if defense counsel had objected to Juror 1 remaining on the jury or moved for a mistrial on this basis, the trial court would have granted either, and as a result, Appellant would not have received a life sentence and a $2,500.00 fine. But the record is silent regarding the reason(s) underlying counsel's defensive strategy or the reasoning for his decisions not to request Juror 1's removal or move for a mistrial, and we may not speculate as to those reasons. Generally, a silent record cannot defeat the strong presumption that counsel was effective. *See* ***Garza v. State***, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007), *but see* ***Menefield v. State***, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (appellate court should not find deficient performance from undeveloped record unless challenged conduct "so outrageous that no competent attorney would have engaged in it"); ***Andrews v. State***, 159 S.W.3d 98, 102-03 (Tex. Crim. App. 2005) (reversing conviction "in a rare case" on basis of ineffective assistance of counsel).

In ***Andrews***, the same prosecutor who filed a motion to cumulate the sentences in four counts of sexual abuse later argued to the jury, "You give him 20 years in each case, it's still just 20 years. It's still not 80. You can give different amounts if you want. You can give 20, 10, 10, five, it's still just 20." ***Andrews***, 159 S.W.3d at 100. The appellant's trial counsel did not object to the prosecutor's misstatement of the law, and the trial court ultimately granted the State's

6

motion to cumulate the sentences and imposed a combined prison sentence of seventy-eight years. *Id.* The reviewing court concluded that the argument left the jury with the incorrect impression that the appellant's sentences could not be stacked and that the appellant would serve no more than twenty years in prison for all four counts. *Id.* at 103. Therefore, the court held that, under the "extremely unusual circumstances of [the] case," the record contained all of the information it needed to conclude that there could be "no reasonable trial strategy for failing to object" to the prosecutor's misstatement of the law. *Id.*

The "extremely unusual circumstances" present in *Andrews* are not present in the case at hand. Counsel's reasons in *Andrews*, if any, were unnecessary to resolve the ineffective assistance of counsel claim. *See Trevino v. State*, No. 12-18-00186-CR, 2019 WL 2119666, at *5 (Tex. App.—Tyler May 15, 2019, no pet.) (mem. op., not designated for publication). But counsel's failure to object to a misstatement of the law that is detrimental to one's client is quite different from counsel's determination of whether to object to a juror's continued service or move for a mistrial as a matter of trial strategy. *See Melonson v. State*, 942 S.W.2d 777, 782 (Tex. App.—Beaumont 1997, no pet.) (appellant required to provide authority in support of argument that objections would have been meritorious, which he did not do); *Valdes–Fuerte v. State*, 892 S.W.2d 103, 112 (Tex. App.—San Antonio 1994, no pet.).

Having reviewed the record in the instant case, we conclude that the facts before us are distinguishable from the facts in *Andrews* and Appellant's trial counsel's alleged deficient conduct is not "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593. Thus, we decline to hold that the record before us contains all of the information needed for us to conclude that there could be no reasonable trial strategy for trial counsel's alleged unprofessional acts.

Even if Appellant could show that his trial counsel rendered deficient representation, he cannot make the requisite showing for the second prong of *Strickland*—Appellant must do more than show that trial counsel's errors had *some* conceivable effect on the outcome of the punishment assessed. *Ex Parte Rogers*, 369 S.W.3d 858, 863 (Tex. Crim. App. 2012). Appellant contends, with no analysis or citations to relevant law, that (1) if trial counsel had

7

objected to Juror 1's continued service as a juror, the trial court would have excused her,[1] and (2) had counsel moved for a mistrial based on the trial court's failure to excuse Juror 1, the trial court would have granted that motion. Appellant then assumes, again without any substantive argument or analysis, that had Juror 1 not been on the jury, the outcome of Appellant's punishment hearing would have been different.[2] These conclusory statements are insufficient to demonstrate that, but for trial counsel's allegedly deficient representation, there existed a reasonable probability that the extent of Appellant's punishment would have been more favorable. *See Ex parte Cash*, 178 S.W.3d 816, 818–19 (Tex. Crim. App. 2005). Such a finding in this case would therefore be based only on conjecture and speculation. *Id.*

We conclude that Appellant has not met either prong of *Strickland* and, as a result, cannot overcome the strong presumption that his counsel performed effectively. For this reason, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered April 20, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] If the trial judge believed Juror 1 was disabled from serving, the trial court had the ability to excuse her on its own motion, without a request from defense counsel; instead, the trial court affirmatively found that despite her concerns, Juror 1 could still properly serve as a juror. *Scales v. State*, 380 S.W.3d 780, 783 (Tex. Crim. App. 2012).

[2] After the verdict was announced, Appellant's trial counsel requested that the jury be polled. Each juror affirmed that the sentence imposed was his or her *individual* verdict.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 20, 2023**

**NO. 12-22-00213-CR**

**KELDRON BEARD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F2226277)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*